UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

───────

No. 6:23-cv-00488

───────

**Ricardo Latrelle Taylor,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

───────

# O R D E R

Petitioner Ricardo Latrelle Taylor filed this habeas action under 28 U.S.C. § 2254, arguing that his state criminal conviction "was the product of grave federal constitutional errors." Docs. 1 at 1, 5 at 1. The case was referred to a magistrate judge. The magistrate judge issued a report recommending that the petition be dismissed on the merits. Doc. 12 at 18. Petitioner timely objected. Doc. 13. The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3).

Petitioner's habeas action stems from the alleged ineffective assistance of counsel during petitioner's criminal trial and subsequent appeal. Specifically, petitioner argues that his trial counsel was ineffective by failing to submit a jury instruction on self-defense. Doc. 5 at 14. Appellate counsel was similarly ineffective by failing to properly argue this error on appeal. *Id.* at 30.

For an ineffective assistance of counsel claim, counsel is "strongly presumed to have rendered adequate assistance." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation omitted). In the habeas context, the standard of review is "doubly deferential" and must give "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

The dispositive issue in petitioner's claims for ineffective assistance of counsel is whether petitioner was entitled to an instruction on self-defense under Texas's so-called confession and

- 1 -

avoidance rule. The confession and avoidance rule is a "judicially imposed prerequisite" that essentially requires a Texas defendant to admit that they committed the underlying offense in order to be entitled to a justification defense. *See Ebikam v. State*, No. 18-01199, 2020 WL 3067581, at *1–*2 (Tex. Crim. App. June 10, 2020). If a self-defense instruction was not available under Texas law, petitioner could not have been prejudiced by his counsel's failure to pursue it. The Texas Court of Criminal Appeals stated as much in denying petitioner's state habeas petition. *Ex parte Taylor*, No. WR-94,578-01, 2023 Tex. Crim. App. Unpub. LEXIS 423, at *2 (Tex. Crim. App. Sep. 27, 2023) (Richardson, J., concurring).[1]

Here, the trial court, the Texas Twelfth District Court of Appeals, and the Texas Court of Criminal Appeals all found that petitioner was not entitled to a self-defense instruction under Texas law. Even assuming arguendo that these courts misconstrued their own law, this court is not able to correct errors of state law in a federal habeas action. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) ("[W]e do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." (quoting *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983))). Thus, to the extent that petitioner objected to the magistrate's findings on the ineffective assistance of counsel claims, that objection is overruled.

Petitioner also asserts that even if the state court rulings on the confession and avoidance rule are correct, the application of the rule to his case constitutes a denial of due process. Doc. 13 at

---

[1] The Texas Court of Criminal Appeals, without written order, affirmed the lower court's denial of petitioner's writ of habeas corpus, finding that there was no error in the judgment. Judge Richardson wrote separately to remark on counsel for petitioner's misconduct. In doing so, he confirmed that the court found that there was no harm in counsel's failure to submit a jury instruction on self-defense. *Id*. ("But we reiterate here, there was no harm. Because at the end of the day, the facts did not give rise to a self-defense charge.").

8. In making this argument, petitioner relies primarily on *Holmes v. South Carolina*, 547 U.S. 319 (2006). *Id.* at 9–10. There, the Court stated:

> While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.

*Id.* at 326.

Petitioner's due process objection lacks merits. Unlike *Holmes*, petitioner does not allege that he was prohibited from presenting any particular evidence. Rather, petitioner was prohibited from raising a justification defense. Even if this prohibition was construed as a prohibition against evidence, *Holmes* did not involve the confession and avoidance rule. Furthermore, the single application of *Holmes* to the confession and avoidance rule cited by petitioner was in a case where the Texas Court of Criminal Appeals found that the defendant was entitled to a self-defense instruction because the defendant had testified at trial and admitted to the underlying elements. *Rogers v. State*, 677 S.W.3d 705, 715 (Tex. Crim. App. 2023). In contrast, petitioner did not testify or admit to the underlying conduct at trial. More broadly, petitioner has not cited any law holding that the confession and avoidance rule violates due process pursuant to *Holmes*. Thus, this objection is overruled.

Having reviewed the magistrate judge's report de novo , the court overrules petitioner's objections and accepts the report's findings and recommendations. Petitioner's case is dismissed with prejudice. A certificate of appealability is denied sua sponte. Any pending motions are denied as moot.

*So ordered by the court on September 29, 2025.*

                                J. C<span style="font-variant:small-caps">ampbell</span> B<span style="font-variant:small-caps">arker</span>
                                United States District Judge